UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE, THE WILDERNESS SOCIETY, EARTHWORKS, FRIENDS OF THE CLEARWATER, WILDERNESS WATCH,<br><br>Plaintiffs,<br><br>v.<br><br>LANNOM, KEITH B., Payette National Forest Supervisor, and U.S. FOREST SERVICE,<br><br>Defendants. | Case No. 1:15-cv-246-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to alter or amend judgment filed by intervenor American Independence Mines & Minerals, LLC (AIMMCO). The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

# ANALYSIS

In August of 2016, this Court issued a decision finding that the Forest Service acted in an arbitrary and capricious manner in allowing drilling, road reconstruction, and the use of motorized vehicles and heavy equipment at the Golden Hand Mine in the Frank Church - River of No Return Wilderness Area. To authorize this work, the Forest Service had issued a Record of Decision (ROD), and the Court declared "the ROD and

**Memorandum Decision & Order – page 1**

the work it authorizes as invalid," and remanded the case to the Forest Service for further review.

The company that would have conducted the mining – AIMMCO – responded by filing the motion now before the Court to amend that decision. AIMMCO argues that a portion of the ROD authorized work on two Forest Service roads – which lie outside the Wilderness Area – designed to decrease sediment flow into an adjacent river and to facilitate access to the Golden Hand Mine. AIMMCO argues that plaintiffs never challenged this work in their complaint, and it was never addressed in the briefing, yet the work is now halted because the Court's decision invalidated all work approved by the ROD. The Forest Service agrees with AIMMCO and stresses the importance of the work in reducing sedimentation of the river. Plaintiffs focus instead on the second reason for the road improvements – facilitating access to the mining site.

The work will rehabilitate 8 miles along Forest Service Roads 371 & 373. According to Anthony Botello, the Forest Service District Ranger, both roads are in "poor" condition and contribute 35 metric tons of sediment per year into steam channels. *See Botello Affidavit (Dkt. No. 41-1)* at ¶ 8. The Forest Service has been advised by the National Oceanic and Atmospheric Administration and the Fish and Wildlife Service to improve the roads and install aquatic organism passages that will replace vehicular fords. *Id.* at ¶ 13. This work will implement that advice, and compliments work done on another section of Road 371 by the Nez Perce Tribe and the Payette National Forest. The work "will reduce direct impacts to Endangered Species Act listed fish and designated critical habitat . . . ." *Id.* at ¶ 12.

**Memorandum Decision & Order – page 2**

By improving the roads' condition and reducing sedimentation, the work will necessarily improve access to AIMMCO's mining claims. But the use of the roads to access the Golden Hand claims will only occur if mining activity on those Claims is properly authorized, adequately protects the environment, and is approved by this Court. Meanwhile, critical habitat for listed fish will be improved no matter what happens to the Golden Hand claims.

The plaintiffs argue that if the work is allowed to go forward, only a portion should be approved. Plaintiffs argue that work past a certain point will have little impact on sedimentation, and will only benefit mining claim access. But the record shows otherwise. District Ranger Botello states that all 8 miles of the roads are sources of sediment that will be improved by this project. *Id.* at ¶ 15.

In crafting a remedy, the Court has broad discretion: "Although the district court has power to do so, it is not required to set aside every unlawful agency action. The court's decision to grant or deny injunctive or declaratory relief under the APA is controlled by principles of equity." *Nat'l Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1343 (9th Cir.1995); *See WWP v. Salazar,* 2012 WL 5880658 (D. Idaho Nov. 20, 2012) (leaving invalid ROD in place). Here, the road improvement portion of the ROD was not specifically challenged in plaintiffs' complaint, will not be conducted in a Wilderness Area, and will benefit the critical habitat of listed species. The Court will therefore grant AIMMCO's motion and amend its prior decision to allow this portion of the work approved by the ROD to go forward.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter or amend (docket no. 35) is GRANTED. The Memorandum Decision (docket no. 33) and Judgment (docket no. 34) are AMENDED to allow the work approved by the Record of Decision to proceed in non-Wilderness areas on Forest Service Roads 371 and 373.

DATED: January 18, 2017

B. Lynn Winmill
Chief Judge
United States District Court